Form 7
(9/00)

# United States Bankruptcy Court
### District of Colorado

In re **Western Integrated Networks, LLC**

Debtor(s)
Unconsolidated

Case No. 02-13043 EEB

Chapter 11

STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

    AMOUNT        SOURCE (if more than one)

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $ 41,591 | Merrill Lynch Interest Income – For Two Months Ended 2/28/02 |
| $ 1,940,285 | Merrill Lynch Interest Income – For the Year Ended 12/31/01 |
| $ 739,202 | Merrill Lynch Interest Income – For the Year Ended 12/31/00 |
| $ 29,860,814 | Investor Contributions – For the Two Months Ended 2/28/02 |
| $227,083,085 | Investor Contributions – For the Year Ended 12/31/01 |
| $101,362,736 | Investor Contributions – For the Year Ended 12/31/00 |

### 3. Payments to creditors

None ☐ a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Selling Shareholder (Cablexpress) | | | |
| Western Integrated Networks of Texas Operating CO LLC | See Exhibit 3a | 347,460.25 | See schedule E |
| Western Integrated Networks of Colorado Oper. CO LLC | See Exhibit 3a | $3,316,884.57 | See schedule E |
| Western Integrated Networks of California Oper. CO LLC | See Exhibit 3a | $3,046,809.74 | See schedule E |

None ☐ b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Mike McNeill**<br>9792 Kiowa Rd, Parker, CO, 80134<br>Selling Shareholder (Cablexpress) | 2/8/02 | $608,488 | $834,581 |

Western Integrated Networks LLC issued payroll checks officers and directors on behalf of the following entities:

| | | | |
|---|---|---|---|
| Western Integrated Networks of Texas Operating CO LLC | See Exhibit 3b | $538,831.25 | See schedule E |
| Western Integrated Networks of L A Oper. CO LLC | See Exhibit 3b | $431,354.67 | See schedule E |
| Western Integrated Networks of Colorado Oper. CO LLC | See Exhibit 3b | $7,237,861.01 | See schedule E |
| Western Integrated Networks of California Oper. CO LLC | See Exhibit 3b | $268,875.41 | See schedule E |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Rush Creek Solutions, Inc., a Colorado Corporation v. Western Integrated Networks, LLC; Case No. 01CV3616 | Breach of Contract | District Court, Arapahoe County, Colorado | Settled/Dismissed with Prejudice |
| Corning Cable Systems, L.L.C. v Western Integrated Networks, LLC; Case No. 02 CV 1651 | Breach of Contract, Account Stated, Goods Sold and Delivered | District Court, City and County of Denver, CO | Stayed, pending bankruptcy petition |
| Universal Network Development Corporation, Plaintiff v. 800 Make Ready and Does 1 through 50, inclusive, Defendants. 800 Make Ready, Cross-Complainant v. Universal Network Development Corporation, Western Integrated Networks, Pacific Bell dba Pacbell, K&B Engineering Network, Aspen International, Bechtel Telecommunications and Does 1 through 50, inclusive, Cross-Defendants; Case No. 01AS04984 | Causes of Action [against debtor]: Breach of Contract; Work, Labor and Materials Furnished-Agreed Price; Quantum Meruit; Quantum Valebant; Fraud and Deceit; Negligent Misrepresentation; Conversion; Negligent Hiring and Supervision; Unfair Trade and Business Practices; Unfair Competition and Restraint of Trade; Civil Conspiracy; Trade Infringement and Unfair Competition; RICO; Implied Equitable Indemnity | Superior Court of California, County of Sacramento | Stayed, pending bankruptcy petition |
| Cable Com, Inc., a Delaware corporation, registered in California as Cable Com Inc which will do business in California as Placerville Cable Com Inc. Plaintiff, vs. Cablexpress, Inc., a Colorado corporation; Western Integrated Networks, LLC, a Delaware limited liability corporation; Western Integrated Networks Holdings, LLC, a Delaware limited liability corporation; Western Integrated Networks of Sacramento Purchasing Company, LLC, a Delaware limited liability corporation; Western Integrated Networks of California Operating, LLC, a Delaware limited liability corporation, Bechtel Corporation; Marketone Builders, Inc.; International Fiber Com, Inc.; Ichoyuno Investment Co; Craig M. Nagler and Does 1-500, inclusive, Defendants; Case No. 02AS01244 | Complaint to Foreclose Mechanics' Lien: 1. Action to Foreclose Lien; 2. Breach of Contract; 3. Quantum Meruit; 4. Action on Open Account. | Superior Court of California, County of Sacramento | Stayed, pending bankruptcy petition |

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Bechtel Corporation, a Nevada corporation vs. Western Integrated Networks, LLC, a Denver Limited Liability Company; Case No. 02AS00966 | Breach of Contract | Superior Court of California, County of Sacramento | Stayed, pending bankruptcy petition |
| Bechtel Corporation, Plaintiff v. Western Integrated Networks, LLC, Quasi-in-Rem Defendant, Merril Lynch & Co., Inc., Defendant Trustee; Case No. 02-0834 | Complaint for Ex Parte Attachment on Trustee Process | Trial Court of Massachusetts, Superior Court of Suffolk County | Stayed, pending bankruptcy petition |

None ☐  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED See Exhibit 4b | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Bechtel Corporation 5275 Corporate Drive Frederick, MD 21703 | 2/15/02 | Stop Notice to Sacramento Municipal Utility District to Withhold Funds to satisfy claim for $1,134,510 for value of labor, services, equipment and material done or furnished by Bechtel. |
| Bechtel Corporation 5275 Corporate Drive Frederick, MD 21703 | 2/26/02 | Several bank accounts held in the name of the Debtor by Wells Fargo Bank with a total value of $394,872.94.* |

\*   In connection with the Breach of Contract action filed by Bechtel Corporation ("Bechtel") in the Superior Court of California, County of Sacramento (the "CA Court"), described in response to 4(a) above, the CA Court granted Bechtel's ex parte motion for a right to attach order, writ of attachment and temporary protective order (the "Order"). It is the Debtor's understanding that the Order was presented to Wells Fargo Bank (the "Bank") on February 26, 2002 and the Bank seized the amounts then held in Debtor's accounts, together with amounts then held in accounts in the name of Western Integrated Networks of California Operating LLC ($6,739.03) and Western Integrated Networks of Texas Operating L.P. ($8,967.25). The funds described herein are being held by the Bank pending further instructions.

### 5. Repossessions, foreclosures and returns

None ☒  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ☒  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ☒ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ☐ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

Small items are lost on occasion through the normal course of business and are not reported on the loss runs presented in exhibit 8.

See Exhibit 8

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Jessop & Company, P.C.<br>303 E. 17th Avenue, Suite 930<br>Denver, Colorado 80227 | March 9, 2002 | $40,000* |
| Dow, Lohnes & Albertson, PLLC<br>1200 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036 | February 25, 2002 | $150,000** |

\* The Debtor has petitioned the Court to retain Jessop & Company, P.C. ("Jessop") as Counsel for the Debtor. On March 9, 2002, Jessop received a retainer in the amount of $40,000. Up to the time of filing the petition by the Debtor, Jessop incurred fees and costs in the amount of approximately $12,125.50 and Jessop applied the retainer to that amount on March 11, 2002.

\*\* The Debtor has petitioned the Court to retain Dow, Lohnes & Albertson ("DLA") as Special Corporate and Regulatory Counsel for the Debtor. On February 25, 2002, DLA received a retainer in the amount of $150,000 for its services, including services to be performed during the pendancy of any bankruptcy. DLA applied the retainer for payment of its services prior to the filing of the Debtor's petition. As of March 11, 2002, $72,765.07 of the retainer remains.

### 10. Other transfers

None ☐ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| VEBA Trust<br>Wells Fargo Bank, NA<br>PO Box 63020<br>San Francisco, CA 94163 | February 22, 2002 | Cash $1,100,000 |

### 11. Closed financial accounts – consolidated

None ☐ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| US Bank<br>PO Box 5548<br>Denver, CO 80217-5548 | Western Integrated Networks, LLC. Investment Account #14064844. Final Balance $0. Former working capital investment account before transferring full balance to Merrill Lynch. | Closed March 2001. $6 transferred to close the account. |
| Wells Fargo Bank<br>1740 Broadway<br>Denver, CO 80274 | Western Integrated Networks Restricted Group, LLC. A/P Account #4759503444. Final Balance $0. AP account before the present AP Controlled Disbursement Account # 4759501893. | Closed in April 2001. Account was a "zero balance" account that was funded daily from the operating account of the Debtor. The final balance was $0. |
| Wells Fargo Bank<br>1740 Broadway<br>Denver, CO 80274 | Western Integrated Networks Operating of Texas, LP. CD Investment #231407909. Final Balance $0. | Closed in August 2001. $350,000 transferred to CD #2014125009, which serves as the new collateral for the letter of credit required by the City of Austin. |
| Wells Fargo Bank<br>1740 Broadway<br>Denver, CO 80274 | Western Integrated Networks of Oregon, LLC. Bond Investment #12562658. Final Balance $0. Security was a US Treasury Note. Former collateral account for letter of credit required under the cable franchise issued by the City of Portland. | Closed in October 2001. $154,406 was released to Debtor when the letter of credit required under the cable franchise issued by the City of Portland expired and was not renewed. |

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Wells Fargo Bank<br>1740 Broadway<br>Denver, CO 80274 | Western Integrated Networks of Texas Operating, L.P. Bond Investment #12533196. Final balance $0. Security was a US Treasury Note. Former collateral account for the letters of credit required under the cable franchise issued by the City of Dallas. | Closed in October 2001. $2,329,206 was the maturity value of the note. $2,000,000 was transferred to CD #2014124895 and $250,000 was transferred to CD # 2014124887. These investments are the new collateral for the letters of credit required under the cable franchise issued by the City of Dallas. |
| Wells Fargo Bank<br>1740 Broadway<br>Denver, CO 80274 | Western Integrated Networks, LLC. Wells Fargo Gas Card Escrow #4124656885. Final balance $0. Former collateral account for the Debtor's gas cards issued by Wells Fargo. | Closed March 2002. $45,000 transferred to account #4496834458 to close account. |
| Merrill Lynch<br>One Financial Center<br>23rd Floor<br>Boston, MA 02111 | Western Integrated Networks, LLC. Working Capital Investment account #27832754696. Balance at 3/11/02 $11.6 million. Merrill Lynch Government Fund for the company's short-term investments. | Account is still open and operational. Redemptions (sales of securities) are completed almost every day. |

### 12. Safe deposit boxes

None ☒   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ☒   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ☒   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None ☐ If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 1425 River Park Drive, Ste. 400<br>Sacramento, CA 95815 | Western Integrated Networks, LLC | 5/1/00-1/31/01 |
| 7820 Jones-Maltsberger<br>San Antonio, TX 78216 | Western Integrated Networks, LLC | 4/15/00-2/28/01 |
| 2020 E. St. Elmo<br>Austin, TX | Western Integrated Networks, LLC | 5/1/00-4/30/01 |

### 16. Spouses and Former Spouses

None ☒ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18. Nature, location and name of business

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Oven Digital Group, Inc. | 13-4079687 | 10 Crosby St., New York, NY 10013 | Consulting, design and technology-related services for internet and broadband media | 4/2/01-Present |
| Cablexpress, Inc. | 84-1220426 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Construction company – cable television plant | 2/2/01-Present |
| Western Integrated Networks Holdings, LLC | 06-1590214 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Holder of equity interests in certain companies | 8/2/00-Present |
| Western Integrated Networks of Arizona Operating LLC | 84-1538115 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Designing, constructing, financing and operating telecommunications networks | 3/14/00-8/2/00 |
| Western Integrated Networks of California Operating LLC | 84-1531358 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Designing, constructing, financing and operating telecommunications networks | 11/12/99-8/2/00 |
| Western Integrated Networks of Nevada Operating LLC | 84-1531357 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Designing, constructing, financing and operating telecommunications networks | 1/18/00-8/2/00 |
| Western Integrated Networks of Oregon Operating LLC | 84-1538114 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Designing, constructing, financing and operating telecommunications networks | 3/14/00-8/2/00 |
| Western Integrated Networks of Texas Operating L.P. | 84-1531356 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Designing, constructing, financing and operating telecommunications networks | 11/12/99-9/5/00 |
| Western Integrated Networks of Washington Operating LLC | 84-1538113 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Designing, constructing, financing and operating telecommunications networks | 3/14/00-8/2/00 |
| WIN of Texas GP LLC | 84-1531359 | 2000 S. Colorado Blvd., #2-800, Denver, CO 80222 | Holding a general partnership interest in certain companies | 11/12/99-8/2/00 |

\* Direct ownership only. See schedule B 12 & 13 for a list of all direct and indirect investments.

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED
See Exhibit 19                                      See Exhibit 19

None ☐ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                    ADDRESS                     DATES SERVICES RENDERED
See Exhibit 19          See Exhibit 19              See Exhibit 19

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS
See Exhibit 19                          See Exhibit 19

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                    DATE ISSUED
See Exhibit 19                                      See Exhibit 19

### 20. Inventories

None ☒ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                    DOLLAR AMOUNT OF INVENTORY
DATE OF INVENTORY       INVENTORY SUPERVISOR        (Specify cost, market or other basis)

None ☒ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

                                        NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
DATE OF INVENTORY                       RECORDS

### 21. Current Partners, Officers, Directors and Shareholders

None ☒ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS        NATURE OF INTEREST          PERCENTAGE OF INTEREST

UNITED STATES BANKRUPTCY COURT

DISTRICT OF COLORADO

# Notice of Limited Availability of Electronic Document

NOTICE IS HEREBY GIVEN that the following exhibit, attachment, or supporting document contains additional pages that have not been scanned or otherwise converted to an electronic format. These additional pages do not appear as a continuation of this document. Pursuant to the Administrative Procedures for Electronic Case Files promulgated by the Court in General Procedure Order 2001-8, these additional pages may not be retained in the electronic case records.

To view the additional pages in this document, please see the paper case file record.

FOR THE COURT

Bradford L. Bolton, Clerk

4/4/02